UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMZIDDIN S. TROWELL,<br><br>                              Plaintiff,<br><br>            -against-<br><br>CORRECTIONAL OFFICER ELLIS #16061;<br>CORRECTIONAL OFFICER CLARKE<br>#18610; THE OWNER OF RIKERS ISLAND;<br>THE DEPARTMENT OF CORRECTION,<br><br>                              Defendants. | 23-CV-9832 (JGLC)<br><br>ORDER OF SERVICE |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who currently is incarcerated at Sing Sing Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights on Rikers Island and at a Bronx County courthouse. By order dated December 8, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] As set forth in this order, the Court dismisses the claims against Defendant (1) the New York City Department of Correction ("DOC"); (2) adds as a defendant the City of New York under Rule 21 of the Federal Rules of Civil Procedure; (3) dismisses the claims against "The Owner of Rikers Island"; and (4) asks Defendants the City of New York, Officer Ellis, and Officer Clarke to waive service of summons.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.    Department of Correction**

Plaintiff's claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses these claims for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    City of New York**

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

C.     **"The Owner of Rikers Island"**

Plaintiff's claims against Defendant "The Owner of Rikers Island" are dismissed for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), because the proper defendant for the entity that operates the DOC facilities on Rikers Island is the City of New York.

D.     **Waiver of Service of Summons for the City of New York, Officer Ellis, and Officer Clarke**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants City of New York, Officer Ellis, and Officer Clarke waive service of summons.

## CONCLUSION

The Court dismisses Plaintiff's claims against the DOC and "The Owner of Rikers Island." *See* 28 U.S.C. § 1915(e)(2)(B)(ii) The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants City of New York, Officer Ellis, and Officer Clarke waive service of summons. SO ORDERED.

Dated:   January 16, 2024
         New York, New York

                                                  *Jessica Clarke*
                                         _____
                                         JESSICA G. L. CLARKE
                                         United States District Judge